I respectfully dissent from the majority opinion in this matter. During plaintiff's employment with Quality Molded Products between January 29, 1996 and February 1996, plaintiff earned $1,221.58, which computes to an average weekly age of $305.40. This amount is ten dollars ($10.00) greater than plaintiff's pre-injury average weekly wage with defendant-employer and establishes that plaintiff's earning capacity was higher at Quality Molded Products than with defendant-employer. Although plaintiff's complete wage records beyond the time period of January 29, 1996 through February 1996 indicate that plaintiff was earning less than his pre-injury wages with defendant-employer, the greater weight of the evidence shows that plaintiff has not proven that his earning capacity was diminished after the date of his initial employment with Quality Molded Products due to his compensable injury by accident. The fact that plaintiff might have earned somewhat less in subsequent pay periods is immaterial. Plaintiff's January 29, 1996 through February 1996 pay records affirmatively establish that his earning capacity at Quality Molded Products was actually greater than it was at defendant-employer thus rebutting plaintiff's initial showing of disability.
Although plaintiff met his initial burden of proving disability because his hourly wage eventually declined from $6.40 per hour to $5.00 and $5.20 per hour following his return to work on January 29, 1996 with Quality Molded Products, defendants have successfully rebutted plaintiff's initial showing of disability by showing that plaintiff's actual earning capacity was higher than his pre-injury earning capacity with defendant-employer.
The relevant disability inquiry focuses on actual earning capacity and actual wages earned, not earnings per hour. Hilliardv. Apex Cabinet Co., 305 N.C. 593, 290 S.E.2d 682 (1982). Plaintiff's actual wages earned after January 28, 1996 are greater than his pre-injury wages; therefore, defendant has successfully rebutted plaintiff's initial showing of disability. Consequently, plaintiff should not be entitled to further temporary total disability compensation.
This the ___ day of February, 2004
 S/____________ BUCK LATTIMORE CHAIRMAN